J-S20022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE DAVVON BEATTY | : | |
| | : | |
| Appellant | : | No. 1488 WDA 2021 |

Appeal from the PCRA Order Entered November 30, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at CP-65-CR-0002793-2015

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JUNE 23, 2022**

Wayne Davvon Beatty (Appellant) appeals from the order denying his

first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We

affirm.

The trial court previously summarized the underlying facts as follows:

> On April 28, 2015, at approximately 6:30 p.m., Officer Matthew Benick [(Officer Benick)] of the North Huntingdon Police Department drove his patrol car westbound on Route 30 in North Huntingdon.  As he was driving, he noticed that a white Chevrolet Impala (hereinafter "Impala") was slowing down to turn left into the Lincoln Mobile Trailer Park (hereinafter "Lincoln Mobile").  Officer Benick testified that the driver looked at him with a surprised expression on his face.  Officer Benick knew Lincoln Mobile to be an area of high drug activity; therefore, he parked his vehicle at a nearby carwash to monitor it.  Moments later, **Officer Benick saw the Impala leave Lincoln Mobile and turn eastbound on to Route 30 without a turn signal**.  Officer Benick thereafter maneuvered his vehicle behind the Impala and

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

noticed that the driver was driving too closely to the rear end of another vehicle. Officer Benick continued to follow the Impala until he got into a safe position to pull it over. Subsequently, he activated his emergency lights and the driver of the Impala stopped in the middle of a traffic lane. Officer Benick advised the driver to pull off on the next street and he complied.

Officer Benick identified the driver of the Impala as [Appellant]. [Appellant] was the only individual in the vehicle. Officer Benick asked [Appellant] where he was coming from and where he was going. [Appellant] stated that he was driving to Derry Township from his house in North Versailles. Officer Benick then asked if [Appellant] had stopped anywhere and [Appellant] replied in the negative. Officer Benick testified that [Appellant] appeared to be very nervous; he made little eye contact, spoke in a low mumbled tone, and his pulse was visible through his shirt. Additionally, the panels around the steering wheel of the Impala were not completely connected and a screw in the panel below the column was partially out. Officer Benick testified that, based on his experience and training, this was a common way to hide narcotics and weapons. Officer Benick returned to his vehicle and checked the registration of the Impala. The Impala was registered to [Appellant]. Officer Benick thereafter requested that Sergeant Bauer report to the scene and have a K9 perform an exterior sniff of the vehicle.

Trial Court Opinion, 11/16/17, at 2-3. Police K-9 Vegas subsequently "alerted" while conducting an exterior "sniff" of the vehicle. *Id.* at 4.

Officer Benick advised Appellant to exit the vehicle. *Id.* Officer Benick performed a pat down search of Appellant, with his consent, and discovered cash in Appellant's pocket. *Id.* Appellant admitted there might be a marijuana blunt roach in his vehicle. *Id.* Officer Benick subsequently searched the vehicle and found a black computer bag in the trunk. *Id.* In the bag, Officer Benick discovered three transparent plastic bags containing a white, rock-like substance, later identified as cocaine. *Id.* In addition, Officer

Benick recovered a firearm with nine chambered rounds, a computer, a tablet, and a Nokia cell phone. *Id.* Officer Benick also found cardboard rolling tubes that could be used to smoke marijuana. *Id.* Officer Benick found no marijuana inside the vehicle. *Id.* As a result of this interaction, Officer Benick arrested Appellant, and the Commonwealth charged Appellant with drug and firearms crimes.

Prior to trial, Appellant filed omnibus pretrial motions to suppress the evidence seized as a result of the traffic stop. The trial court denied the motions and the case proceeded to trial. On May 3, 2017, a jury convicted Appellant of firearms not to be carried without a license, possession of a controlled substance, and possession with intent to deliver a controlled substance.[2] On August 29, 2017, the trial court sentenced Appellant to an aggregate prison term of 18 to 48 months, followed by three years of probation. On direct appeal, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Beatty*, 198 A.3d 469 (Pa. Super. 2018) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

Appellant timely filed the instant, counseled PCRA petition, his first, on September 19, 2018. The PCRA court conducted an evidentiary hearing on July 14, 2021. On November 30, 2021, the PCRA court dismissed Appellant's

---

[2] 18 Pa.C.S.A. § 6106(a)(1); 35 P.S. § 780-113(a)(16), (30).

petition, and Appellant filed this timely appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for review:

1. Whether the [PCRA court] erred in failing to find counsel ineffective for failing to sufficiently or competently attack the arresting officer's line of sight testimony[?]

2. Whether the [PCRA court] erred in failing to find trial counsel ineffective for failing to provide sufficient, competent evidence to establish that the arresting officer's testimony conflicted with the incontrovertible physical facts[?]

Appellant's Brief at 3.

We begin by observing our scope and standard of review:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation and quotation marks omitted).

Appellant claims his suppression counsel, James Anthony Wymard, Esquire (Attorney Wymard), and trial counsel, Emily Smarto, Esquire (Attorney Smarto), rendered ineffective assistance which warrants relief. Appellant's Brief at 8. First, Appellant claims "neither counsel sufficiently or competently attacked Officer Benick's line of sight testimony" regarding Appellant's traffic infraction. *Id.* at 9. Appellant acknowledges Attorney

Smarto visited the scene and observed bushes "that would have blocked the officer's view." *Id.* However, Appellant claims she failed to take photographs, "which would have shown a number of bushes between the car wash, where the officer was parked, and the entrance of the trailer park." *Id.* Instead, Attorney Smarto asked Officer Benick if there were bushes near his vantage point. *Id.* According to Appellant, such vague questioning "had no value." *Id.* Appellant asserts PCRA counsel, using Google Maps, was able to show additional foliage that would have existed at the time of the encounter. *Id.*

Appellant claims suppression counsel, Attorney Wymard, made no effort to determine whether Officer Benick's view was blocked as he observed Appellant's traffic infraction. *Id.* According to Appellant,

> [h]ad [Attorney] Wymard performed an appropriate amount of due diligence, and investigated the area where the officer was stopped, waiting for [Appellant], he would have found that the view was obstructed by a number of bushes, which could have been used to impeach his testimony about [Appellant's] failure to use a turn signal. … Had he investigated and preserved how the scene appeared, doing so would have been beneficial in pursuing his strategy of seeking suppression of the evidence obtained as a result of the search of the vehicle. Despite this, he failed to even look into whether the officer could have seen what he claimed to have seen.

*Id.* at 10.

Our review of counsel's performance "must be highly deferential." ***Commonwealth v. Tharp***, 101 A.3d 736, 772 (Pa. 2014) (quoting ***Strickland v. Washington***, 466 U.S. 668, 689 (1984)). "Counsel is presumed to have rendered effective assistance[.]" ***Commonwealth v.***

- 5 -

***Montalvo***, 114 A.3d 401, 410 (Pa. 2015). To establish infective assistance of counsel, a PCRA petitioner must plead and prove: "(1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Selenski***, 228 A.3d 8, 15 (Pa. Super. 2020) (citation omitted).

In addressing Appellant's claim, we focus on the second ineffectiveness prong. To determine whether counsel's action or inaction lacked a reasonable basis, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). "We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative offered a potential for success substantially greater than the course actually pursued." ***Id.*** (quotation marks and citation omitted).

At the PCRA hearing, Attorney Wymard testified about his suppression hearing strategy. N.T., 7/14/21, at 6-7. According to Attorney Wymard, after hearing Officer Benick's testimony at the preliminary hearing, he decided to challenge the "illegal prolongation" of the traffic stop. ***Id.*** at 7. Attorney Wymard stated:

> I felt [Appellant] was detained for a prolonged period of time. I felt it was in violation and what I put in my brief, which is **Commonwealth versus Freeman**, that … there was no reasonable suspicion of criminal activity to justify the delay [when Officer Benick] kept [Appellant] there after he pulled him over.
>
> I believe that he had him there for several minutes. Then he decided to call a drug dog …. He indicated that it took about three minutes for the drug dog to arrive. I thought that was longer. I think that's what he said. And then he had to wait for the drug dog to go around the car. …
>
> I felt … there was no reasonable suspicion of criminal activity that justified his delay. Once he stopped the car, he should have just issued a citation.

N.T., 7/14/21, at 10.

Attorney Wymard further testified he was "familiar with the area" of the

infraction. **Id.** at 14.

> It's my belief [Officer Benick] would be able to make a determination, that he would have been found to have been credible. That was my belief. I did not take a photo. I did not do a diagram.
>
> Based on his representation at the preliminary [hearing] as to his location, **I felt that it would have been possible for him to have observed [Appellant] departing the trailer court.**
>
> …
>
> I felt the only thing that was worthy of litigating was the stop. And not just the stop, but principally the search. … I felt it was an illegal prolongation of the stop initially, that a citation should have been issued and he should have been allowed to go on his way.

**Id.** at 15, 17 (emphasis added). Attorney Wymard explained: "It was based

on [Officer Benick's] testimony because of his positioning he was able to

observe [Appellant]." **Id.** at 21.

- 7 -

Attorney Smarto, Appellant's trial lawyer, testified she discussed her strategy with Appellant:

> We talked at length. He was really focused on the officer not being able to see his vehicle, and I can't remember exactly, but when it was pulling out and the turn signal. So that was one of his issues.
>
> My thought process was in going into trial, let's create reasonable doubt. If an officer's misstating something on one issue or one statement involving the stop, let's just attack, attack, attack, and try to create reasonable doubt.

*Id.* at 24-25. Attorney Smarto testified she viewed the scene in person and on Google. *Id.* at 26-27. Attorney Smarto admitted she did not present photographs of the area to the jury. *Id.* at 27. Notwithstanding, Attorney Smarto confirmed she elicited from Officer Benick the difference in elevation and the bushes possibly blocking his view. *Id.* at 31.

At the PCRA hearing, Appellant denied discussing Officer Benick's blocked view of the traffic infraction with Attorney Smarto:

> I never went into fine detail about how the bushes, how the bushes blocked the view of the cop to [Attorney] Smarto. I don't know why she said that. When I addressed her, it was specifically about the timeline.
>
> Now, I might have mentioned the trees. The trees would have been in his way. But that was never my focal point.

*Id.* at 43.

The PCRA court thereafter found a reasonable basis for suppression and trial counsel's strategies:

> [Appellant's] attorney at the suppression hearing [] made a reasonable decision that attacking the Officer's credibility about whether he could see the turn signal would not be the best

- 8 -

approach to winning the suppression motion. [N.T., 7/14/21,] at 15. Instead, Attorney Wymard focused on suppressing the results of the search that took place after [Appellant] was pulled over. The test regarding whether defense counsel's actions were reasonable examines whether counsel's decision had any reasonable basis to advance the interests of the defendant. [**Commonwealth v.**] **Pierce**, 527 A.2d [973,] 975 [(Pa. 1987).] Further, [Appellant] must prove that counsel's decision was so unreasonable that "no competent lawyer would have chosen it." **Commonwealth v. Rega**, 933 A.2d 997, 1018-19 (Pa. 2007).

Attorney Wymard's strategy to attack the search of the vehicle at the suppression hearing rather than impeaching Officer Benick's testimony about whether he saw [Appellant's] turn signal was based on Attorney Wymard's own knowledge of the area where [Appellant] was pulled over and his belief that the Officer's testimony would be found credible. [N.T., 7/14/21,] at 13-14. This was a reasonable strategy. [Appellant] does not establish that attacking Officer Benick's testimony about the turn signal would have produced a different result.

[Appellant] cannot establish that either of his prior counsel's conduct lacked a reasonable basis designed to effectuate his best interests and that he was prejudiced by prior counsel's alleged ineffectiveness[.]

PCRA Court Opinion, 10/27/21, at 4-5. Upon review, we agree with the PCRA court's analysis and conclusion. Because Appellant failed to establish counsels' action or inaction lacked a reasonable basis, we cannot grant him relief. **See Selenski**, 228 A.3d at 15.

In his second issue, Appellant claims both counsel rendered ineffective assistance by not challenging Officer Benick's testimony with "incontrovertible physical facts." Appellant's Brief at 11. Appellant challenges Officer Benick's testimony that it took four minutes from the time Appellant pulled his vehicle onto Route 30 until Appellant's vehicle was stopped. **Id.** Appellant asserts

the testimony of his private investigator, Gary Zimak, established the route took 6 minutes, 21 seconds to complete. *Id.* at 11-12. According to Appellant, "[u]nder the incontrovertible physical facts doctrine, Officer Benick's testimony should have been disregarded." *Id.* at 12. Appellant argues his counsel rendered ineffective assistance by not offering this evidence. *See id.*

Appellant further claims the PCRA court improperly disregarded and/or discounted the timeline discrepancy as an "approximation." *Id.* According to Appellant, Officer Benick reported first observing Appellant at 6:24 p.m., which is not an approximation. *Id.* Appellant offers other "factors" that the PCRA court should have considered, including traffic, Appellant's speed, stops on the bridge, and Appellant moving his vehicle forward at Officer Benick's direction. *Id.* at 13. Appellant claims Attorneys Wymard and Smarto failed to develop any evidence regarding the timing discrepancy. *Id.* at 14-15. Appellant asserts: "Neither counsel sufficiently investigated or addressed this issue despite [Appellant's] obvious desire to pursue this course of action." *Id.* at 16. Had they done so, Appellant posits, "they would have discovered that the argument was meritorious, and that Officer Benick's testimony could have and should have been disregarded." *Id.*

The PCRA court rejected Appellant's claim, explaining:

[Appellant's] trial attorney did cross examine Officer Benick about the timeline and addressed the timeline in her closing argument. [N.T., 5/1-3/17,] at 135-137, 195-197. [Appellant] does not establish that the failure of his attorney to cross[-]examine Officer

Benick further, or in a different way, prejudiced him at the trial. ***See Strickland***, 466 U.S. at 687 (explaining that meeting the prejudice prong set forth in ***Pierce*** requires defendant to establish there is a reasonable probability that, but for his counsel's unprofessional errors, the results of the proceedings would have been different) (internal quotations omitted).

Further, the facts at issue here are a difference of two minutes, which can be attributed to a variety of factors. Officer Benick's documentation of the times stems from his communications with dispatch and he admitted they were approximations. Thus, Attorney Smarto's decision to cross-examine this way and discuss the timeline in her closing were reasonable approaches to address the issue. ***See Pierce***, 527 A.2d at 975. Also, Attorney Wymard's determination at the suppression hearing that Officer Benick's credibility was going to be established and the best approach was to attack the search of the vehicle is a reasonable basis for his failure to cross-examine the officer about the timeline. ***See Pierce***, 527 A.2d at 975.

PCRA Court Opinion, 10/27/21, at 5.

The record supports the PCRA court's findings, and its legal conclusions are sound. ***See id.*** We therefore affirm the PCRA court's denial of relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2022